**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01717-MSK-MJW

ROBERT REGAN,

Plaintiff,

v.

PARAMETRIC TECHNOLOGY CORPORATION, a Massachusetts corporation, authorized to
do business in the State of Colorado,

Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

This matter comes before the Court on the Stipulated Motion for Protective Order submitted

by Plaintiff Robert Regan and Defendant Parametric Technology Corporation, (collectively the

"Parties"). The Parties have made a showing of good cause in support of their request for entry of

a protective order to protect the discovery and dissemination of confidential information or

information which will improperly annoy, embarrass, or oppress any party, witness, or person.

Accordingly, IT IS ORDERED:

1.      This Protective Order shall apply to all documents, materials, and information,

including without limitation, documents produced, answers to interrogatories, responses to requests

for admission, deposition testimony, and other information disclosed pursuant to the disclosure or

discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.     Information designated "CONFIDENTIAL" shall be information which a producing party believes in good faith to be confidential, including but not limited to personal or personnel information concerning present or former employees of Defendant not a party to this action, technical or business information of a proprietary nature previously disclosed to Plaintiff while he was employed with Defendant, financial, tax or medical records, and any other information reasonably deemed to be of a confidential or proprietary nature by the designating party. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.     Information designated "CONFIDENTIAL-TRIAL COUNSEL ONLY" shall be information which a producing party believes in good faith to be confidential, which if disclosed to anyone other than trial counsel, its employees or retained experts, could foreseeably cause competitive injury to the producing party or to a third party to whom the producing party has obligations of confidentiality. CONFIDENTIAL-TRIAL COUNSEL ONLY information may include any information related to disciplinary records taken with respect to present or former employees of Defendant that are not a party to this action, technical or business information of a proprietary nature not previously disclosed to Plaintiff while he was employed with Defendant, and any other information reasonably deemed to be of a highly confidential or proprietary nature by the designating party. CONFIDENTIAL-TRIAL COUNSEL ONLY information shall not be disclosed or used for any purpose except the preparation and trial of this case.

–2–

5.   CONFIDENTIAL documents, materials, and/or information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

       a.   Attorneys actively working on this case;

       b.   Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

       c.   The parties, including the Plaintiff and representatives for the entity Defendants;

       d.   Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

       e.   The Court and its employees ("Court Personnel");

       f.   Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

       g.   Deponents, witnesses, or potential witnesses who are reasonably expected to testify at trial; and

       h.   Other persons by written agreement of the parties.

6.   CONFIDENTIAL-TRIAL COUNSEL ONLY documents, materials, and/or information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

       a.   Attorneys of record actively working on this case;

b.      Persons regularly employed or associated with the attorneys of record actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c.      Current or former directors, officers and employees of Defendant who need to see such documents to assist in the litigation of this matter;

d.      Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e.      The Court and its employees ("Court Personnel");

f.      Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.      Deponents, witnesses, or potential witnesses who are reasonably expected to testify at trial provided, however, that such deponents, witnesses or potential witnesses may only review such material if they were the author or recipient of the material or if counsel for the receiving party has obtained written consent of counsel for the disclosing party; and

h.      Other persons by written agreement of the parties

7.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, court personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached hereto as Exhibit A, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

−4−

8.      Documents are designated as CONFIDENTIAL or CONFIDENTIAL-TRIAL COUNSEL ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" OR "CONFIDENTIAL-TRIAL COUNSEL ONLY".

9.      Whenever a deposition involves the disclosure of CONFIDENTIAL OR CONFIDENTIAL-TRIAL COUNSEL ONLY information, the deposition or portions thereof shall be designated as such and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or CONFIDENTIAL-TRIAL COUNSEL ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10.     A party may object to the designation of particular CONFIDENTIAL OR CONFIDENTIAL-TRIAL COUNSEL ONLY information by giving written notice to the party designating the disputed information.   The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or CONFIDENTIAL-TRIAL COUNSEL ONLY to file an appropriate motion, consistent with D.C.ColoLCivR. 7.2 and 7.3, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed within 20 days after the time the notice is received, the disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL-TRIAL COUNSEL ONLY under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such

a motion within the 20 days after the time the notice is received, the disputed information shall lose

its designation as CONFIDENTIAL or CONFIDENTIAL-TRIAL COUNSEL ONLY and shall not

thereafter be treated as CONFIDENTIAL or CONFIDENTIAL-TRIAL COUNSEL ONLY in

accordance with this Protective Order. In connection with a motion filed under this provision, the

party designating the information as CONFIDENTIAL or CONFIDENTIAL-TRIAL COUNSEL

ONLY shall bear the burden of establishing that good cause exists for the disputed information to

be treated as such.

11.     In the course of the litigation, the parties may find it necessary to file with the Court

confidential material protected by this Order. Unless the parties agree otherwise, any such

confidential material shall be filed separately under seal with a copy of this Order attached thereto

and in compliance with D.C.ColoLCivR. 7.2 and 7.3.

12.     At the conclusion of this case, unless other arrangements are agreed upon, each

document and all copies thereof which have been designated as CONFIDENTIAL or

CONFIDENTIAL-TRIAL COUNSEL ONLY shall be returned to the party that designated it as

such, or the parties may elect to destroy such documents. Where the parties agree to destroy such

documents, the destroying party shall, upon written request, provide all parties with an affidavit

confirming the destruction.

13.     This Protective Order may be modified by the Court at any time for good cause

shown following notice to all parties and an opportunity for them to be heard.

14.     This Order shall take effect as of the date and time it has been executed and filed with

the Court and shall survive and remain in effect in full force and effect after the termination of the

lawsuit. The Court shall retain jurisdiction to determine any issues arising from the terms of this

Order until Termination of The CASE.

**SO ORDERED** this ___16___ day of ___January___ 2007.

_____
U.S. District Court for the District of Colorado

Stipulated and Agreed To:
Dated: January 15, 2007.

s/ Stuart A. Jay                                         s/ Jeffrey T. Johnson
Nathan Davidovich, Esq.                       Jeffrey T. Johnson, Esq.
Stuart A. Jay, Esq.                                 Gregory R. Clouser, Esq.
Kennedy Childs & Fogg, P.C.              Holland & Hart LLP
1050 17th Street, Suite 2500                555 Seventeenth Street #3200
Denver, Colorado 80206                       Denver, Colorado 80202
(303) 825-2700                                      (303) 295-8000
*Attorneys for Plaintiff*                        *Attorneys for Defendant*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-CV-01717-MSK-MJW

ROBERT REGAN

     Plaintiff,

v.

PARAMETRIC TECHNOLOGY CORPORATION, a Massachusetts Corporation authorized to do business in the State of Colorado.

     Defendant.

---

**ACKNOWLEDGEMENT OF RECEIPT OF
STIPULATED PROTECTIVE ORDER**

---

     I hereby Acknowledge that I have received and read a copy of the Stipulated Protective Order in the United States District Court for the District of Colorado, Civil Action No. 06-cv-01717-MSK-MJW, dated January 15, 2007, and I agree to comply with and be bound by the provisions thereof with respect to any information disclosed to me under the terms of said Stipulated Protective Order.

     This _____ day of _____ 2007.

_____
Signature

_____
Printed Name and Title